# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10274
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2014

Lyle W. Cayce
Clerk

SEALED APPELLEE,

Movant–Appellee,

versus

SEALED APPELLANT,

Respondent–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:

Appellant, a federal prisoner, appeals one issue from the district court's order civilly committing her under 18 U.S.C. § 4245. She maintains that § 4245's statutory preponderance-of-the-evidence standard violates the Fifth Amendment's Due Process Clause, which instead demands clear and convincing evidence. We disagree and affirm.

## I.

Appellant is serving a 216-month felony sentence in the Federal Medical

Center, Carswell ("Carswell"). After her initial incarceration in another facility, she was transferred to Carswell after exhibiting behaviors indicative of mental illness. Although she initially responded positively to medication, she later refused treatment and regressed. Carswell staff evaluated her and concluded that her behaviors imperiled her health, so they recommended her for civil commitment to Carswell's mental-health facility.

Carswell's warden submitted a certificate of mental disease or defect and requested a hearing to determine Appellant's mental-health status. 18 U.S.C. § 4245(d). The district court appointed an attorney to represent Appellant, and the government submitted written evidence and oral testimony from Carswell's chief of psychiatry to establish her mental illness. As part of the hearing, she had the opportunity to cross-examine witnesses and put forth her own evidence opposing commitment. After considering all the evidence, the court found by a preponderance of the evidence—as the statute requires—that Appellant suffered a mental disease or defect and was in need of treatment. The court issued an order committing her to the custody of the Attorney General for hospitalization under § 4245(d), and it is that order that she challenges.

Appellant's only issue on appeal is whether § 4245's evidentiary standard is unconstitutional under the Due Process Clause. She urges that, instead of a preponderance of the evidence, the Constitution and Supreme Court precedent demand clear and convincing evidence for civil commitment of prisoners.

## II.

"This court reviews constitutional challenges to federal statutes de novo." *In re United States for Historical Cell Site Data*, 724 F.3d 600, 603 (5th Cir. 2013). Appellant's argument relies on *Addington v. Texas*, 441 U.S. 418, 432–33 (1979), in which the Court held that the Fourteenth Amendment's Due

Process Clause requires a clear-and-convincing standard for the indefinite commitment of a person with mental illness. According to Appellant, that holding indicates that § 4245's evidentiary standard is unconstitutionally low.

But *Addington* dealt with the civil commitment of an ordinary citizen, not an incarcerated felon. And that distinction bears heavily on the due-process analysis for commitment to a mental-health facility. The Supreme Court and this court have identified that difference in other cases that more closely resemble this one. In *Jones v. United States*, 463 U.S. 354, 366–67 (1983), the Court upheld the indefinite civil commitment of a defendant whom the jury found to be not guilty by reason of insanity, a determination made by a preponderance of the evidence. Similarly, in *Vitek v. Jones*, 445 U.S. 480, 491–93 (1980), the Court observed that, although prisoners still have interests in not being confined to mental hospitals, they have lost their right to freedom from confinement as a result of their convictions. Recognizing this distinction, Congress inserted different evidentiary standards in § 4245 and § 4246.

Finally, we have twice considered Appellant's argument in other cases under plain-error review. *See United States v. Muhammad*, 165 F.3d 327, 333–34 (5th Cir. 1999); *United States v. Klat*, No. 97-11282, 1999 WL 301320, at *3 (5th Cir. Apr. 27, 1999) (per curiam) (unpublished). In both instances, we reasoned that the different contexts for civil commitment—prisoners as distinguished from citizens—reflected distinct liberty interests that justified different evidentiary standards. Reviewing the argument here *de novo*, we reach the same conclusion. In light of the other significant procedural protections afforded to prisoners subject to civil-commitment proceedings, § 4245's preponderance-of-the-evidence standard does not violate the Fifth Amendment's Due Process Clause.

AFFIRMED.